J-S37038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM C. NEAL, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| VIRGINIA A. SHERIDAN & JUDITH A. SMITH | : | No. 1857 MDA 2016 |
| | : | |

Appeal from the Order entered October 5, 2016
in the Court of Common Pleas of York County,
Civil Division, No(s): 2013-SU-2157-94

BEFORE: STABILE, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JUNE 29, 2017**

William C. Neal ("Neal") appeals, *pro se*, from the Order ("the Summary Judgment Order") granting the Motion for Summary Judgment filed by Virginia A. Sheridan and Judith A. Smith (collectively, "Defendants"). We affirm.

On June 20, 2013, Neal, a resident of Stewartstown, Pennsylvania, filed a civil Complaint against Defendants, owners of a residence located at 3 Park Street, Stewartstown, Pennsylvania ("the Property"). Neal's Complaint alleged that he had an option contract ("the Option Contract") with Defendants to purchase the Property. Neal asserted that Defendants breached the Option Contract by refusing to settle on the Property.

Approximately three months after filing the Complaint, Neal filed a Petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Middle District of Pennsylvania (hereinafter "the bankruptcy proceeding").

Notably, Neal did not disclose the Option Contract[1] in his Chapter 13 Bankruptcy Plan.[2]

Defendants filed Preliminary Objections on August 8, 2013, pointing to Neal's failure to attach to his Complaint a copy of the written Option Contract. Neal thereafter filed an Amended Complaint (with a copy of the Option Contract appended thereto) and a Response to the Preliminary Objections. On June 30, 2015, Defendants filed an Answer and New Matter asserting, *inter alia*, that Neal's failure to disclose the Option Contract in the bankruptcy proceeding rendered the contract void and unenforceable. Neal thereafter filed an Answer to Defendants' New Matter, wherein he urged that his filings in the bankruptcy proceeding are irrelevant to the enforceability of the Option Contract.

On June 23, 2016, Defendants filed a Motion for Summary Judgment, which the trial court granted via the Summary Judgment Order on October 5, 2016. The trial court stated in its Memorandum accompanying the Summary Judgment Order (the "S/J Memorandum"), in sum, that no enforceable contract existed because Neal had rejected the Option Contract by failing to disclose it in the bankruptcy proceeding.

---

[1] Relevant to this appeal, an option contract is considered an "executory contract" under the federal Bankruptcy Code. **See** 11 U.S.C.A. § 365.

[2] Neal filed a total of four Chapter 13 Bankruptcy Plans (collectively referred to as "the Bankruptcy Plans"), none of which disclosed the Option Contract. Notably, Defendants attached to their Motion for Summary Judgment copies of the Bankruptcy Plans. The bankruptcy court confirmed Neal's third amended Bankruptcy Plan in April 2014.

Neal timely filed a *pro se* Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal. The trial court thereafter issued a Pa.R.A.P. 1925(a) Opinion.

Neal now presents the following issues for our review:

1. Did the trial court err in entering summary judgment where there was insufficient material to do so pursuant to Pennsylvania Rule of Civil Procedure 1035.2?

2. Did the trial court err in effectively not affording [Neal] the right to cross-examine writings pursuant to Pennsylvania Rules of Evidence 612(a) and 612(b)(1)?

3. Did the trial court err[] in permitting witnesses to not be made available to [Neal] for cross-examination pursuant to Pennsylvania Rule of Evidence 614(a)?

4. Did the trial court err[] in permitting inadmissible hearsay pursuant to Pennsylvania Rule of Evidence 801(a)[-](c)?

5. Did the trial court err[] in permitting inadmissible hearsay pursuant to Pennsylvania Rule of Evidence 802?

6. Did the trial court err in not following the requirement of authentication and identification of evidence pursuant to Pennsylvania Rule of Evidence 901(a)?

7. Did the trial court err in causing and permitting [Neal's] right to the Confrontation Clause under Article 1 Section 9 of the Pennsylvania Constitution to be denied?

8. Did the trial court err in causing [and] permitting [Neal's] right to the Confrontation Clause under Amendment Six of the United States Constitution to be denied?

Brief for Appellant at 4 (unnumbered; issues renumbered for ease of disposition).

Neal first argues that the trial court erred in entering summary judgment against him because there was insufficient evidence presented that the Option Contract was unenforceable. *Id.* at 8 (unnumbered). Neal contends that "it cannot even be clearly established that [Defendants] herein had a cause of action below[,] let alone sufficient evidence to ever prevail in the case." *Id.* According to Neal, "[i]n this case, there never could have been any facts at all, let alone undisputed facts[,] because the mere papers that were submitted by a mere attorney [(*i.e.*, counsel for Defendants),] rather than a legitimate testifying witness[,] cannot by themselves even determine a cause of action[,] let alone the outcome of the case." *Id.*

We review a challenge to the entry of summary judgment as follows:

A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Pa.R.C.P. 1035.2(1). Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Pa.R.C.P. 1035.2(2). Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Davis v. Wright***, 156 A.3d 1261, 1266 (Pa. Super. 2017) (case citation and brackets omitted).

In the S/J Memorandum, the trial court thoroughly addressed this claim, summarized the law concerning executory contracts for purposes of a bankruptcy plan, and properly determined that (1) Neal effectively rejected the Option Contract (upon confirmation of his Chapter 13 Bankruptcy Plan) by his failure to disclose it in the bankruptcy proceeding; and (2) viewing the record in the light most favorable to Neal, Defendants are entitled to judgment as a matter of law. ***See*** S/J Memorandum, 10/5/16, at 3-6 (unnumbered); ***see also*** Trial Court Opinion, 12/19/16, at 6-7. We agree with the trial court's sound rationale, which is supported by the law and the record, and affirm on this basis as to Neal's first issue. ***See*** S/J Memorandum, 10/5/16, at 3-6 (unnumbered).

We next address Neal's issues numbered 2-6 together,[3] as they all allege that the trial court violated various Pennsylvania Rules of Evidence. Specifically, Neal contends as follows:

- The trial court violated Rule 612(a) and (b)(1),[4] where "no testimony ever took place[,]" by depriving him of "the right to cross-examine

---

[3] Neal has failed to meaningfully develop his argument on these issues, (which, combined, spans less than one page), some of which set forth no citation to legal authority and are only one sentence in length. ***See*** Brief for Appellant at 7 (unnumbered). We could deem these issues waived on this basis. ***See Coulter v. Ramsden***, 94 A.3d 1080, 1089 (Pa. Super. 2014) (stating that mere issue spotting, without meaningful analysis or citation to relevant legal authority to support an assertion, precludes our appellate review of a matter); ***see also*** Pa.R.A.P. 2119(a) (providing that the argument section of an appellate brief shall contain discussion of issues raised therein and citation to pertinent legal authorities). Moreover, we could deem these issues waived for Neal's failure to raise them before the trial court prior to filing his Rule 1925(b) Concise Statement. ***See*** Pa.R.A.P. 302(a) (stating that a claim cannot be raised for the first time on appeal); ***see also Steiner v. Markel***, 968 A.2d 1253, 1257 (Pa. 2009) (holding that "a 1925(b) statement can [] never be used to raise a claim in the first instance."). However, assuming, *arguendo*, that Neal preserved these issues, we will briefly address them. ***See Branch Banking & Trust v. Gesiorski***, 904 A.2d 939, 942 (Pa. Super. 2006) (stating that "this [C]ourt is willing to liberally construe materials filed by a *pro se* litigant[.]" (citation omitted)).

[4] Rule 612 provides, in relevant part, as follows:

(a) Right to Refresh Memory. A witness may use a writing or other item to refresh memory for the purpose of testifying while testifying, or before testifying.

(b) Rights of Adverse Party.

(1) If a witness uses a writing or other item to refresh memory while testifying, an adverse party is entitled to have it produced at the hearing, trial or deposition, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony.

Pa.R.E. 612(a), (b)(1).

writings submitted … as evidence[.[5]]"    Brief for Appellant at 6 (unnumbered; footnote added);

- "Pursuant to Pennsylvania Rule of Evidence 614(a),[6] witnesses to written testimony must be made available to be cross-examined on those writings[,] and that did not occur in this case[,] thereby posing a violation to [Neal]." *Id.* (footnote added);

- "Pursuant to Pennsylvania Rule of Evidence 801(a)[-](c) [(which defines the terms "hearsay," "declarant," and "statement")], the testimonial evidence submitted at trial was hearsay, as it was made while not testifying at trial by a declarant[,] while still being a person's statement[,] and therefore was inadmissible …." *Id.*;

- "Since no witness was ever made available to be cross-examined on the hearsay presented by the attorney for [Defendants], said hearsay was inadmissible …." *Id.*;

- The trial court erred in finding that the documentary evidence presented by Defendants was properly authenticated, pursuant to Pa.R.E. 901(a),[7] where Defendants "chose not to make … available" witnesses who were "clearly available" to authenticate the evidence. *Id.*

---

[5] Though Neal offers no clarification on this point, it appears that the documents to which he objects are the Bankruptcy Plans, which Defendants appended to their Motion for Summary Judgment.

[6] Rule 614(a) provides that "[c]onsistent with its function as an impartial arbiter, the court, with notice to the parties, may call a witness on its own or at a party's request.  Each party is entitled to cross-examine the witness." Pa.R.E. 614(a).

[7] Rule 901(a) provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a).

The trial court concisely addressed all of the above issues in its Rule 1925(a) Opinion, discussed the applicable law,[8] and determined that each issue lacked merit. **See** Trial Court Opinion, 12/19/16, at 3-6. We agree with the trial court's rationale and determination, and therefore would affirm on this basis as to Neal's issues numbered 2-6. **See id.**

In his seventh and eighth issues, which we will address together, Neal contends that the trial court deprived him of his confrontation clause rights, under Article 1, Section 9 of the Pennsylvania Constitution and the Sixth Amendment to the United States Constitution.[9] Brief for Appellant at 7-8 (unnumbered). We disagree.

Although a **criminal** defendant has the right to confront witnesses against him under the Sixth Amendment, Neal is a civil plaintiff in this case, where such rights are inapplicable. **See Turner v. Rogers**, 564 U.S. 431, 442-43 (2011); **In the Interest of A.P.**, 692 A.2d 240, 242 (Pa. Super. 1997). Accordingly, Neal's final two issues entitle him to no relief.

Based upon the foregoing, we affirm the Summary Judgment Order.

---

[8] To the extent that the trial court references the exception to the rule against hearsay contained in Pa.R.E. 803(25), this provision states that a statement made by a party opponent is admissible to be offered against him, if it was, *inter alia*, "made by the party in an individual or representative capacity;" or "is one the party manifested that [he] adopted or believed to be true." Pa.R.E. 803(25)(A), (B).

[9] This Court has "held that the Confrontation Clause of the Pennsylvania Constitution affords defendants the same rights as the Sixth Amendment of the United States Constitution." **Commonwealth v. Yohe**, 39 A.3d 381, 385 n.4 (Pa. Super. 2012).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2017

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| WILLIAM C. NEAL,<br>   **Appellant** | : <br> : <br> : | No. 2013-SU-2157-94 |
| v. | : <br> : | Civil Action – Law |
| VIRGINIA A. SHERIDAN,<br>JUDITH A. SMITH,<br>   **Appellees** | : <br> : <br> : <br> : | |

## OPINION IN SUPPORT OF ORDER PURSUANT TO Pa.R.A.P. 1925(a)

Appellant, William C. Neal, appeals to the Superior Court of Pennsylvania the Judgment entered by this Court on October 4, 2016. On November 14, 2016, pursuant to Pa.R.A.P. 1925(b), the Court directed Appellant to file a Concise Statement of Matters Complained of on Appeal ("Statement"). On December 6, 2016, Appellant timely filed the statement. Pursuant to Pa.R.A.P. No. 1925(a), the Court issues the following Opinion.

## PROCEDURAL HISTORY

On October 4, 2016, the Court granted Appellees' Motion for Summary Judgment, following a review of the record. Thus, Appellant's action was dismissed. Appellant filed an appeal on November 3, 2016, and this Opinion follows.

## MATTERS COMPLAINED OF ON APPEAL

The Appellant raises the following issues on appeal:

(1) Whether the trial court abused its discretion in not allowing Appellant to cross-examine the writings filed;

(2) Whether the trial court abused its discretion in not making witnesses available for Appellant to cross-examine;

(3) Whether the trial court allowed inadmissible hearsay pursuant to Pa.R.Evid. 801(a)(b)(c);

(4) Whether the trial court allowed inadmissible hearsay pursuant to Pa.R.Evid. 802;

(5) Whether the trial court abused its discretion with regard to authentication and identification of evidence;

(6) Whether the trial court abused its discretion with regard to Appellant's rights under Article 1 Section 9 of the Pennsylvania Constitution;

(7) Whether the trial court abused its discretion with regard to Appellant's rights under Amendment 6 of the United States Constitution; and

(8) Whether the trial court abused its discretion in entering summary judgment in this matter.

## DISCUSSION

The reasons for this Court's Order granting Appellees' Motion for Summary Judgment already appear of record in the October 4, 2016 Memorandum Opinion and Order ("Opinion"). One of these reasons as stated in the Opinion is that "Because this contract is executory and because Plaintiff [Appellant] failed to assume the contract prior to the Bankruptcy Court's confirmation of his Chapter 13 Plan, Plaintiff [Appellant] rejected all executory contracts in his Chapter 13 Plan and Defendants [Appellees] are relieved from all obligations under the rejected contract." The Opinion cited to an analogous case before the Middle District of Pennsylvania,[1] which had very similar circumstances and also involved Appellant. The Court now

---

[1] The Court is aware that the Middle District of Pennsylvania issued a decision in *Neal v. Eckersley*, 2009 WL 3241789 (M.D.Pa. 2009), in which Appellant appealed the Bankruptcy Court's decision that Appellant had rejected an executory contract. As in this case, the Middle District of Pennsylvania had confirmed Appellant's Amended Chapter 13 Plan, which did not assume any executory contracts and rejected any executory contracts not explicitly assumed. Similarly, Appellant had not listed the *Eckersley* defendants as executory contractors or as creditors, and Appellant's Petition failed to mention the contract at issue. The *Eckersley* court affirmed the lower court's rejection of the executory contract: "Since we have held that the Contract is executory and because Appellant both failed to assume the Contract prior to the Bankruptcy Court's confirmation of his Chapter 13 Plan and rejected all executory contracts in his Schedules and Chapter 13 Plan, we find that the Bankruptcy Court correctly decided that the Contract was a rejected executory contract."

2

supplements its Opinion and Order.

With regard to the **first** averment in Appellant's Statement, there was no testimony taken in this summary judgment matter. Accordingly, Pa.R.Evid. 612(a) was not triggered. This issue is meritless.

With regard to the **second** averment in Appellant's Statement, the Court did not call any witnesses in considering Appellees' Motion for Summary Judgment. Accordingly, Pa.R.Evid. 614(a) was not triggered. This issue is also meritless.

With regard to the **third** averment in Appellant's Statement, it appears that Appellant intended to say there was inadmissible hearsay allowed at the lower court level pursuant to Pa.R.Evid. 801(a)-(c), rather than Pa.R.Evid. 801(a)(b)(c), which does not exist. However, this issue is meritless as well. The Court relied on statements with independent legal significance made by Appellant in his individual capacity in considering whether to grant Appellees' Motion for Summary Judgment as permitted by Pa.R.Evid. 803(25), which is Pennsylvania's hearsay exception rule regarding an opposing party's statement. Specifically, the Court reviewed the contract at issue and Appellant's various Chapter 13 plans. Appellant's failure to reaffirm or assume any executory contracts in his Chapter 13 plans supports this Court's decision to grant Appellees' Motion for Summary Judgment.

With regard to the **fourth** averment in Appellant's Statement, this Court also applied Pa.R.Evid. 803(25), which makes the statements admissible and this issue meritless.

3

With regard to the **fifth** averment in Appellant's Statement, the Court respectfully asserts that it did not abuse its discretion with respect to authentication and identification of evidence. Appellees produced evidence sufficient to support this Court's findings that the documents are what Appellees claim they are. In accordance with Pa.R.Evid. 901(b)(7), Appellees attached copies of the following documents in support of their Motion: each of Appellant's Chapter 13 plans filed with the United States Bankruptcy Court in the Middle District of Pennsylvania with filing dates and times referenced on the copies, and United States Bankruptcy Judge Mary France's Order Confirming Appellant's Amended Chapter 13 Plan. More importantly, Appellant signed his Petition and declared, under penalty of perjury, that the information provided in his Petition was true and correct. The Court has no reason to suspect Appellant would have challenged the sufficiency of the information contained in his own filings. Because Appellees attached Appellant's filings with the United States Bankruptcy Court in the Middle District of Pennsylvania as authorized by law, this Court respectfully asserts that it did not abuse its discretion with respect to the authentication and identification of evidence.

Alternatively, Appellant admitted Appellees' averments with respect to his failure to disclose the contract in his bankruptcy plans. The rules are very clear that "The adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying (1) one or more issues of fact arising from evidence in the record

4

controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced." Pa.R.C.P. 1035.3(a). It is well-settled that a general denial is unacceptable and deemed an admission where it is clear that the defendant has adequate knowledge and that the means of information are within the defendant's control. See *Elia v. Olszewski*, 368 Pa. 578, 84 A.2d 188, 190 (1951); *Cercone v. Cercone*, 254 Pa.Super. 381, 386 A.2d 1 (1978); *City of Philadelphia v. Hertler*, 114 Pa. Cmwlth. 475, 482, 539 A.2d 468, 472 (1988). A general denial effectively manifests an admission to the facts averred in the complaint. See *Swift v. Milner*, 371 Pa.Super. 302, 308, 538 A.2d 28, 31 (1988); *Michner v. Montgomery County Tax Claim Bureau*, 671 A.2d 285, 288 (Pa. Cmwlth. 1996).

In this case, Appellant's responses to Appellees' ninth through twelfth averments in their Motion for Summary Judgment were deemed admissions because they were nonresponsive to the averment. Appellant's response to the averments is as follows:

> Denied. Plaintiff did not have a duty to disclose the real estate option agreement with defendants as an executory contract, as this contract was initiated prior to and through its terms, to be settled upon prior to the date that bankruptcy was filed. Defendants breached that contract by refusing to settle.
> (Plaintiffs Response and Brief in Opposition Defendant's Motion for Summary Judgment, ¶¶ 9-12).

5

Appellant has more than adequate knowledge of the fact that he did not disclose the real estate agreement with Appellees in his bankruptcy plans. Appellant's general denial with a discussion of whether he had a duty to disclose was an unacceptable response to Appellees' averments as to the fact that he did not disclose the agreement. This information was almost exclusively within Appellant's control, as he prepared and amended his bankruptcy plans. By operation of law, Appellant admitted that he did not disclose the contract and there was no dispute as to Appellant's failure to disclose the contract. Appellant's failure to disclose the contract resulted in its rejection upon the Bankruptcy Court's confirmation of his plan. Accordingly, summary judgment was appropriate and this Court did not abuse its discretion.

With regard to the **sixth** averment in Appellant's Statement, Pennsylvania's Confrontation Clause does not provide for a civil right to confront witnesses. Accordingly, this issue is meritless.

With regard to the **seventh** averment in Appellant's Statement, the Sixth Amendment to the United States Constitution does not provide for a civil right to confront witnesses. This issue is also meritless.

With regard to the **eighth** averment in Appellant's Statement, this Court viewed the record in the light most favorable to Appellant. This Court found no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by discovery or expert report. Appellant did not

disclose the contract at issue in any of his Chapter 13 plans. As this Court said in the Opinion and Order granting summary judgment, Appellant's failure to assume the contract prior to the Bankruptcy Court's confirmation of his final Chapter 13 Plan resulted in Appellant's rejection of all executory contracts. No further discovery would establish any evidence to the contrary. Consequently, summary judgment was appropriate and this issue is meritless.

## CONCLUSION

This Court relies on its ruling as discussed in the October 4, 2016 Memorandum Opinion and Order. This Court respectfully requests that the Superior Court find the matters Appellant complains of meritless and affirm this Court's Order entered October 4, 2016.

BY THE COURT:

Dated: December 16, 2016          KATHLEEN J. PRENDERGAST, JUDGE

The Prothonotary is directed to serve copies of this order on Counsel for the parties, as required by law.

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

WILIAM C. NEAL,
    *Plaintiff*
    :    No. 2013-SU-2157-94
    :
v.
    :
    :    CIVIL ACTION - LAW
VIRGINIA A. SHERIDAN,
JUDITH A. SMITH,
    *Defendants*
    :

## MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

AND NOW, this 4th day of October, 2016, Defendants' Motion for Summary Judgment is **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

This matter comes before the Court as a result of Defendants' Motion for Summary Judgment. Defendants, Virginia A. Sheridan and Judith A. Smith, are owners of the property located at 3 Park Street, Stewartstown, PA 17363 (hereinafter "the Property"). Plaintiff is an individual residing at 19795 Barrens Road South, Stewartstown, PA 17363. On June 20, 2013, Plaintiff filed a Complaint alleging that he had an executory contract with Defendants to purchase the Property and that Defendants wrongfully refused to settle on the Property and breached their contract.

Defendants filed Preliminary Objections to Plaintiff's Complaint on August 9, 2013 because Plaintiff failed to attach a copy of the contract Defendants allegedly breached. Plaintiff filed an Amended Complaint and Response to Defendants' Preliminary Objections on August 28, 2013. Defendants filed an Answer with New Matter on June 30, 2015, concerning, in relevant part, Plaintiff's improperly naming of Defendant Smith and Plaintiff's failure to disclose the alleged executory contract in his Chapter 13 bankruptcy plan. On August 3, 2015, Plaintiff filed

an Answer to Defendants' New Matter asserting that his former bankruptcy plans are irrelevant to the matter at hand and that he is not currently the subject of any bankruptcy proceedings.

Defendants filed a Motion for Summary Judgment and a Brief in Support thereof on June 23, 2016. This case was listed for one-judge disposition on July 26, 2016. Plaintiff filed a Response and a Brief in Opposition to Defendants' Motion for Summary Judgment on July 27, 2016. Defendants filed a Reply Brief on August 3, 2016. This case was assigned to this Honorable Court on August 11, 2016.

## DISCUSSION

After relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law. Summary judgment is appropriate where "there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by discovery or expert report." Pa.R.C.P. 1035.2(1). Summary judgment is proper only where the pleadings, depositions, answers to interrogatories, admissions of record and affidavits on file support the conclusion that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Penn Center House, Inc. v. Hoffman, 553 A.2d 900 (Pa. 1989).

In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Dorohovich v. West American Ins. Co., 589 A.2d 252 (Pa.Super. 1991). To succeed on a motion for summary judgment, the moving party must demonstrate that there are no genuine issues of material fact for the court to decide. First Wisconsin Trust Co. v. Strausser, 653 A.2d 688 (Pa.Super. 1995). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Marks v. Tasman, 589 A.2d 205 (Pa. 1991).

Moreover, in summary judgment proceedings, it is not the court's function to determine the facts, but only to determine if an issue of material fact exists. Godlewski v. Pars Manufacturing Co., 597 A.2d 106 (Pa.Super. 1991). Summary judgment serves to eliminate the waste of time and resources of both litigants and the court in cases where a trial would be a useless formality. Liles v. Balmer, 567 A.2d 691, 692 (Pa.Super. 1989). Summary judgment should only be granted in those cases which are free and clear from doubt. Johnson v. Harris, 615 A.2d 771 (Pa.Super. 1992).

Once the moving party has met its burden, the non-moving party must produce sufficient evidence on an issue essential to the case on which he bears the burden of proof such that a jury could return a verdict in his favor. Ertel v. Patriot-News Co., 674 A.2d 1038 (Pa. 1996). "The adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced." Pa.R.C.P. 1035.3(a).

An executory contract for the purposes of a bankruptcy plan exists—and thus must be disclosed—when an option contract imposes obligations on the contracting parties that remained unperformed as of the filing of a bankruptcy plan: the only contracts that are excluded are those "pursuant to which the Debtor has already received the full benefit...from the non-debtor contractor party prior to the bankruptcy filing." In re Walnut Associates, 145 B.R. 489, 96 (Bankr. E.D.Pa. 1992) (citations omitted). When an individual files a bankruptcy plan pursuant to 11 U.S.C. §365(d), the individual, or trustee, may accept or reject an executory contract at any

time prior to confirmation of the bankruptcy plan. Failure to explicitly assume the executory contract will be deemed a rejection. In re Victory Markets, Inc., 221 B.R. 298 (2d Cir. 1998). More importantly, bankruptcy plans containing provisions "explicitly rejecting all executory contracts not otherwise listed on an attached presumption schedule rejects those executory contracts." Neal v. Eckersley, 2009 WL 3241789 (M.D.Pa. 2009) (citing In Re Amerivision Communications, Inc., 349 B.R. 718, 723 (10th Cir. 2006)).

In the present case, Plaintiff's bankruptcy petition fails to mention the contract in any respect. Plaintiff certainly intended to perform his purchase obligation, or at least intended to reap the benefits of the bargain. However, in the four opportunities Plaintiff had over eighteen months to disclose the asset he expected to obtain, Plaintiff failed to inform the Bankruptcy Court. In the plans filed and amended from October 2012 until March 2014, the contract is never listed. Further, the Third Amended Plan, which was filed and subsequently confirmed in April 2014, lists neither Defendants as executory contractors nor Defendants as creditors. Because this contract is executory and because Plaintiff failed to assume the contract prior to the Bankruptcy Court's confirmation of his Chapter 13 Plan, Plaintiff rejected all executory contracts in his Chapter 13 Plan and Defendants are relieved from all obligations under the rejected contract.

Plaintiff specifically admits to failing to disclose the executory contract during bankruptcy proceedings. However, Plaintiff asks the Court to excuse this failure to disclose, to enforce the executory contract, and to find Defendants in breach of the contract. According to Plaintiff, if a party to the contract is allegedly in breach, the non-breaching party is discharged from his duty to disclose the contract's existence in a bankruptcy plan. However, Plaintiff cites no fact or authority in support of his assertion.

Defendants bring to the Court's attention the case of <u>Neal v. Eckersley</u>, 2009 WL 3241789 (M.D.Pa 2009). This Court need not reinvent the wheel here, as the Middle District has already had the opportunity to apply the relevant case law to the same plaintiff and similar facts:

> It is well-established in the bankruptcy jurisprudence that for a contract to be deemed executory, the obligation of both parties to the contract must be "so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." *In re Exide Technologies*, 340 B.R. 222 (Bankr.D.Del. 2006); *see also Cinciola v. Scharffenberger*, 248 F.3d 110 (3d.Cir. 2001); *In re Metro Transp. Co.*, 87 B.R. 338 (Bankr.E.D.Pa. 1988). To illustrate, contracts under which the vendee still owes a material part of the purchase price and the vendor has not transferred title, and is not obligated to do so until that price is fully paid, are executory. *See In re Walnut Associates*, 145 B.R. 489 (Bankr.E.D.Pa. 1992).
>
> The Bankruptcy Code does not expressly provide a standard to determine the propriety of a debtor's decision to assume or reject an executory contract. The "business judgment test" has been applied by most courts. The "business judgment test" requires a showing that the rejection would benefit the estate. *In re Patterson*, 119 B.R. 59 (E.D.Pa. 1990) (citing *In re Bildisco*, 682 F.2d 72, 79 (3d.Cir. 1982)). Considering that the Contract required Appellant to expend $120,000.00 on the Property and that appellant filed his bankruptcy petition twenty four (24) days after he executed the Contract, an application of the business judgment test to these facts would likely result in a finding that the rejection of the Contract benefitted the estate.
>
> <u>Neal v. Sheridan</u>, 2009 WL 3241789 (M.D.Pa. 2009).

While this case does not have precedential value as it applies to this Court, it was particularly notable because it concerns the same plaintiff under extremely similar circumstances. Specifically, the above case and the case at hand both involve Plaintiff's attempt to enforce an executory contract that he had failed to disclose on a bankruptcy filing, which was then approved in a bankruptcy plan. While the precedential value is limited, all of the cases and language used by that court are applicable to the case at hand, as it is the same plaintiff attempting to engage in the same behavior.

A review of the pleadings as a whole reveals Plaintiff has failed to sustain his burden of presenting facts which contradict the elements of Defendants' defense. Plaintiff should not receive a different result just because he decided to forum-shop in a different court. Defendants have demonstrated sufficient facts to warrant summary judgment. Plaintiff admits to failing to disclose the executory contract, knowing it would be deemed rejected. Plaintiff may not simultaneously admit the existence of an executory contract in a Complaint and reject its existence by omission in a bankruptcy plan.

## CONCLUSION

As Plaintiff has not supplied the Court with a reason why summary judgment should not be granted, and despite having reviewed the record in the context of Defendants' Motion for Summary Judgment and resolving all doubts in favor of Plaintiff, the Court finds no genuine issue of material fact as to any necessary element of the cause of action or defense to Plaintiff's claim. The record establishes that Plaintiff rejected the executory contract by failing to disclose it on his confirmed bankruptcy plan. There is no evidentiary dispute that Plaintiff failed to disclose, and this Court will not discharge that duty. Plaintiff cannot concurrently reject and enforce the same contract. Accordingly, Defendants' Motion for Summary Judgment is **GRANTED.** Having so concluded, the appropriate order follows.

**BY THE COURT:**

**Date: October 4, 2016**

_____
**KATHLEEN J. PRENDERGAST, Judge**

**The Prothonotary is directed to serve notice of the entry of this Opinion as required by law and rule of court.**